UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLOS CABALLERO,**

    **Plaintiff,**

v.                                                                     **Case No. 8:10-CV-0680-T-23EAJ**

**AAA DIVERSIFIED SERVICES, INC.,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion to Strike Defendants' Second and Fifth Affirmative Defenses, General Statement of Fact, and Request for Attorney Fees** (Dkt. 10).[1]

Plaintiff seeks to recover overtime compensation, liquidated damages, attorney's fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff asks the court to strike from Defendants' answer 1) two affirmative defenses; 2) argument that one of the Defendants is not liable under the FLSA; and 3) a request for attorney's fees. Defendants have failed to timely respond to the motion, suggesting they do not oppose the requested relief. See Local Rule 3.01(b), M.D. Fla.

Defendants assert accord and satisfaction and release as affirmative defenses, emphasizing that Plaintiff signed his weekly time cards. Plaintiff accurately points out that these are not legitimate defenses to Plaintiff's FLSA claim. See Aguilar v. ABC Supply Co., No. 2:10-cv-141-FtM-36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010). They should thus be

---

[1] The motion has been referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b)(1).

stricken from Defendants' answer as "insufficient." Rule 12(f), Fed. R. Civ. P.

In their "General Statement of Facts," Defendants concede that Defendant Gerald Borseth ("Borseth") was the president of Defendant AAA Diversified Services, Inc. ("AAA") but maintain that any decisions concerning Plaintiff's employee status "were made as management decisions of the corporation and were not made by Borseth as an individual" (Dkt. 6 at 1). Defendants submit that Plaintiff's claims should be allowed to proceed only against AAA and not against Borseth, who was "acting within the scope of his authority and within the scope of the course of normal business activities of the corporation, and not outside the scope of his authority as an officer" (Id. at 1-2). Defendants overlook that, whether or not Borseth acted within the scope of his authority as president of AAA, his involvement in AAA's day-to-day operations or direct responsibility for supervising Plaintiff would support personal liability under the FLSA. See Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986). This "insufficient" defense should be stricken. Rule 12(f), Fed. R. Civ. P.

Finally, Defendants request damages "for the necessity of defending this action and incurring attorney's fees and costs" (Dkt. 6 at 9). "While the Plaintiff's claim that the FLSA only provides for attorney's fees and costs to a prevailing plaintiff is generally accurate, a defendant may recover its attorney's fees from a losing plaintiff when that plaintiff has acted in bad faith, vexatiously, wantonly or for other oppressive reasons." Aguilar, 2010 WL 2243753, at *2 (citation and internal quotation marks omitted). Defendants expressly maintain that Plaintiff's complaint includes "baseless and false" allegations (Dkt. 6 at 9). Because Defendants' ability to prove a set of facts demonstrating their entitlement to attorney's fees cannot be determined at this time, it would be premature to strike their request for attorney's fees.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion to Strike Defendants' Second and Fifth Affirmative Defenses, General Statement of Fact, and Request for Attorney Fees (Dkt. 10) be **GRANTED IN PART AND DENIED IN PART**;

(2) Defendants' Second and Fifth Affirmative Defenses be **STRICKEN**;

(3) Defendants' "General Statement of Facts" be **STRICKEN;**

(4) Plaintiff's request for the court to strike Defendants' request for attorney's fees be **DENIED.**

**Date: July 27, 2010**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

3