**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CARLOS CABALLERO,**

    **Plaintiff,**

v.                                            **Case No. 8:10-CV-0680-T-23EAJ**

**AAA DIVERSIFIED SERVICES, INC.,
et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff's **Amended Motion for Payment of Costs of Personal Service** (Dkt. 12).[1] Defendants have failed to timely respond to the motion, suggesting they do not oppose the requested relief. See Local Rule 3.01(b), M.D. Fla.

Plaintiff filed his complaint on March 22, 2010 (Dkt. 1). Two days later, at a cost of $7.00, Plaintiff sent each Defendant, via certified mail, a request to waive service of the summons; each request directed the Defendant to return the signed waiver within 30 days (Dkt. 12 Ex. A, B). The requests were sent to an address on Lake Ridge Road ("the Lake Ridge Road address") but were returned unclaimed (Id.).

By sworn affidavit, Plaintiff's counsel asserts that she informed opposing counsel of the waivers telephonically and via fax dated April 14, 2010 (Dkt. 12 Ex. D). Plaintiff asserts that, three days later, his counsel again sent each Defendant a request to waive service of the summons. A U.S. Postal Service sales receipt confirms that on April 17, 2010, at a cost of $5.60, correspondence was

---

[1] The motion has been referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b)(1).

sent to Defendants at the Lake Ridge Road address; a second receipt reflects that it was delivered two days later (Dkt. 12 Ex. E).

Plaintiff asserts that neither Defendant timely returned a signed waiver.  On May 25, 2010, at a cost of $85.00, Defendants were personally served with the summons and complaint at the Lake Ridge Road address (Dkt. 12 Ex. C).  After Plaintiff filed the instant motion, his counsel received a check from Defendants for $85.00, covering the cost of serving the summons and complaint.

Upon a defendant's failure, without good cause, to sign and return a waiver of service of the summons, the court "must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Rule 4(d)(2), Fed. R. Civ. P.  The plain text of Rule 4(d)(2) does not contemplate the recovery of postage costs incurred when requesting a waiver.  It does, however, provide for the recovery of service expenses and attorney's fees.  Because Plaintiff has already recovered his service expenses, the only issue to be resolved is Plaintiff's entitlement to attorney's fees.

Plaintiff's counsel certifies that she conferred with opposing counsel in a good faith effort to resolve the issues raised in the instant motion before filing it and that the parties were unable to resolve their differences.  Plaintiff was thus required to file a motion to collect his service expenses.  The fact that Defendants compensated Plaintiff for these expenses after the motion was filed does not make the motion unnecessary.  In her sworn affidavit, Plaintiff's counsel states that she spent 2.25 hours drafting and/or preparing the instant motion and the attached exhibits, including her affidavit (Dkt. 12 Ex. D).  At a billing rate of $300.00 per hour, Plaintiff seeks $675.00 in attorney's fees.  This a reasonable fee for Plaintiff's counsel's efforts preparing the motion.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's Amended Motion for Payment of Costs of Personal Service (Dkt. 12) be **GRANTED IN PART**; and

(2)  Plaintiff be awarded $675.00 in attorney's fees.

**Date:  July 27, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge